# In the United States Court of Federal Claims

No. 16-884T

(Filed: August 16, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

| | |
|---|---|
| \*<br>JIANGLIN ZHOU and JIE SHEN,    \*<br>    \*<br>          Plaintiffs,   \*<br>    \*<br>v.         \*<br>    \*<br>THE UNITED STATES,     \*<br>    \*<br>          Defendant.   \*<br>    \* | Motion for Summary Judgment; Rule 56(d) Request for Discovery; Tax Court Stipulation; Alleged Overpayment of Taxes; Tax Deficiency. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  \*

*Joshua Wu*, JW Law PLLC, Washington, D.C., for Plaintiffs.

*Sophia Siddiqui*, with whom were *David A. Hubbert*, Acting Assistant Attorney General, *David I. Pincus*, Chief, *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiffs Jianglin Zhou and Jie Shen seek the return of funds levied by the Internal Revenue Service ("IRS") to cover their alleged underpayment of 2006 and 2007 tax liability. The Plaintiffs claim that their tax liability for 2006 and 2007 was completely resolved by a previous Tax Court decision. The Government argues that the Tax Court decision only resolved Plaintiffs' deficiency for 2006 and 2007, but not their underpayment of tax liability, and the IRS properly levied the Plaintiffs' property. The Court GRANTS the Government's motion for summary judgment because the undisputed facts show that the Tax Court decision did not resolve the entirety of Plaintiffs' outstanding tax liability for 2006 and 2007 and Plaintiffs did not overpay their taxes. The mathematics of this case are confusing, but the relevant dollar amounts are not disputed.

Background

On their 2006 tax return, Plaintiffs reported that they were entitled to income tax withholding credits totaling $77,893 by improperly including their Social Security and Medicare tax withholding as income tax withholding.  Gov.'s Mot., Ex 1 (2006 Tax Return).  Plaintiffs also self-reported their income tax liability at $54,422.  Id.  Based on these calculations, their IRS account reflected an overpayment of $23,531.  Id.  The IRS posted an account credit of $23,531 to Plaintiffs' account.  Gov.'s Mot., Ex. 2.  However, in reality, Plaintiffs' actual income tax withholding for 2006 was $57,425.  Gov.'s Mot., Ex. 3 (Wage and Income Transcript, 2006 and 2007).  Therefore, Plaintiffs over-reported their income tax withholding by $20,468.  After the IRS discovered this error, it reduced the Plaintiffs' account credit by $20, 468.  Gov.'s Mot., Ex. 2.

On their 2007 tax return, Plaintiffs reported that they were entitled to income tax withholding credits totaling $49,222 by again improperly including their Social Security and Medicare tax withholding as income tax withholding.  Gov.'s Mot., Ex. 4 (2007 Tax Return).  Plaintiffs also self-reported their income tax liability at $50,539.  Id.  Based on these calculations and Plaintiffs' additional tax payment of $5,000, their IRS account reflected an overpayment of $3,683.  Id.  Plaintiffs' actual income tax withholding for 2007 was $34,696.  Gov.'s Mot., Ex. 3.  Thus, Plaintiffs over-reported their income tax withholding by $14,526.  After the IRS discovered this mistake, it reduced Plaintiffs' account credit by $14,526.  Gov.'s Mot., Ex. 5.

On March 2, 2010, the IRS proposed a deficiency reflecting the difference between the correct amount of tax imposed and the amount of tax reported by Plaintiffs for 2006 and 2007.  Gov.'s Mot., Ex. 6.  The Notice of Deficiency listed a $22,827 deficiency for 2006 and a $25,348 deficiency for 2007.  Id.  On June 2, 2010, Plaintiffs filed a petition with the U.S. Tax Court challenging the Notice of Deficiency.  Gov.'s Mot., Ex. 7.  While before the Tax Court, Plaintiffs and the IRS agreed to settle the action.  The parties stipulated to amounts reflecting the Plaintiffs' tax deficiency and adjusted credits to their tax account.  Gov.'s Mot., Ex. 10 ("Tax Court Stipulation").  On January 31, 2012, the Tax Court entered the parties' stipulation:

> OREDERED AND DECIDED: That there is no deficiency in income tax due from, nor overpayment, due to, petitioners for the taxable years 2006; and
>
> That there is a deficiency in the income tax due from petitioners for the taxable year 2007 in the amount of $319.00.

Gov.'s Mot., Ex. 9 ("Tax Court Decision").  The IRS credited Plaintiffs' accounts to reflect the Tax Court Stipulation (specific amounts are shown in the tables below).  In August 2012, the IRS levied Plaintiffs' brokerage account because the "plaintiffs had unpaid

liabilities of $1,843.14 for tax year 2006, $10, 089.17 for tax year 2007, and $466.57 in interest and failure to pay penalties for tax year 2007." Gov.'s Mot. at 5 (citing Exs. 2, 5).

Plaintiffs' tax transcript for 2006 reflecting all of these actions is as follows:

| | |
|---|---|
| Tax liability reported on return: | $54,422. |
| Withholding claimed on return: | -$77,893. |
| Refunded to Plaintiff (excluding $8.77 in interest): | -$23,573.23 |
| Corrected withholding credit due to Plaintiffs' error: | $20,468. |
| Overpayment credit (made in 2009) | -$4,258.45 |
| Interest and penalties (from 2010-2012): | $10,246.52 |
| **Outstanding balance after correction:** | **$26,456.07** |
| Tax Court Stipulation adjustment: | -$16,051. |
| Reversed penalties and interest: | -$8,577.28 |
| **Outstanding balance before levy:** | **$1,827.79** |
| **Levy payment (including $15.35 in interest):** | **-$1,843.14** |
| Remaining balance after levy: | $0. |

Gov.'s Mot., Ex. 2, at 1-3. Plaintiffs' tax transcript for 2007 reflecting all these actions is as follows:

| | |
|---|---|
| Tax liability reported on return: | $50,539. |
| Withholding claimed on return: | -$49,222. |
| Plaintiffs' tax payment: | -$5,000. |
| Refunded to Plaintiff: | -$3,683. |
| Corrected withholding credit due to Plaintiffs' error: | $14,526. |
| Interest and penalties (from 2010): | $2,956.95 |
| **Outstanding balance after correction:** | **$17,482.95** |
| Tax Court Stipulation adjustment (including $319 deficiency): | -$6,943.78 |
| Payment made by Plaintiffs: | -$450 |
| **Outstanding balance before levy:** | **$10,089.17** |
| Interest and penalties (from 2012): | $466.57 |
| **Levy payment:** | **-$21,428.95** |
| Overpayment credited to Plaintiffs | $10,873.21 |
| Remaining balance after levy: | $0. |

Gov.'s Mot., Ex. 5, at 1-5.

On July 25, 2016, Plaintiffs filed a complaint in this Court seeking a refund of the levied amounts and any accrued interest, arguing that the Tax Court Stipulation resolved their tax liability. Compl. ¶¶ 25-27. On June 9, 2017, the Government filed a motion for summary judgment arguing that the Tax Court Stipulation only resolved Plaintiffs' tax deficiency but did not erase their outstanding tax liability. Gov.'s Mot. at 11. On July 10, 2017, Plaintiffs filed their opposition to the Government's motion and requested time to

complete discovery, pursuant to Rule 56(d).  Pls.' Resp. at 3.  The Government's motion is now fully briefed and the Court deems oral argument unnecessary.

<u>Discussion</u>

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(c). A fact is "material" if it might significantly alter the outcome of the case under the governing law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The moving party bears the initial burden of showing that there exists no genuine dispute as to any material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Summary judgment will not be granted if the "evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  <u>Anderson</u>, 477 U.S. at 248.  The Court's function is not to weigh the evidence and determine the merits of the case presented, but to determine whether there is a genuine issue of material fact for trial.  <u>Id.</u> at 249; <u>see</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986).  However, when the non-moving party fails to make a sufficient showing of the existence of an essential element for which he bears the burden of proof, summary judgment is appropriate.  <u>Celotex Corp.</u>, 477 U.S. at 322-23.

A. <u>Subject Matter Jurisdiction</u>

As a preliminary matter, Plaintiffs allege in their complaint that the IRS's levy of their brokerage account violated their Fourth and Fourteenth Amendment rights to due process and to be free from unreasonable seizures.  Compl. ¶¶ 22-23.  In order for this Court to have jurisdiction over a claim, a plaintiff must identify a "source of substantive law that creates the right to money damages."  <u>Greenlee County, Ariz. v. United States</u>, 487 F.3d 871, 875 (Fed. Cir. 2007).  This Court does not have jurisdiction over Fourth Amendment or Fourteenth Amendment violations because monetary damages are not available under either of these provisions.  <u>Brown v. United States</u>, 105 F.3d 621, 623 (Fed. Cir. 1997); <u>LeBlanc v. United States</u>, 50 F.3d 1025, 1028 (Fed. Cir. 1995); <u>Stephanatos v. United States</u>, 81 Fed. Cl. 440, 445 (2008).

Thus, Plaintiffs' constitutional claims are DISMISSED for lack of subject matter jurisdiction. The Court will review Plaintiffs' claims that the IRS's levy constitutes an overpayment of taxes in violation of the Tax Court Decision for which they are entitled a refund under 26 U.S.C. § 6512(a)(2).

B. <u>Discovery into the Tax Court Stipulation is Not Appropriate.</u>

Rule 56(d) of this Court affords a party opposing summary judgment to request time to conduct discovery when the "nonmovant shows . . . it cannot present facts essential to

justify its opposition . . . ." "The opportunity provided by [Rule] 56(d) to conduct discovery while resisting summary judgment is not unlimited . . . ." RQ Squared, LLC v. United States, 119 Fed. Cl. 751, 758 (2015). When the material facts are not in doubt, a Rule 56(d) request for discovery should be denied. Id. at 758.

The question before the Court is whether the Tax Court Stipulation entitled the IRS to levy Plaintiffs' property to pay their alleged underpayments for tax years 2006 and 2007. Plaintiffs allege that discovery into the "circumstances and procedures surrounding" the Tax Court Stipulation, "the understanding of the parties . . . with respect to the Tax Court [Stipulation]," and the IRS's implementation of the Tax Court Stipulation and treatment of tax payments is necessary. Pls.' Resp. at 7. First, discovery into the understanding of the parties involved in the Tax Court Stipulation and the procedures which produced it is not necessary. The Tax Court Stipulation and the Tax Court Decision are unambiguous. They consist of descriptions of Plaintiffs' tax accounts and the Tax Court's order adopting the parties' agreement. See Gov.'s Mot., Exs. 9, 10. Absent ambiguities, the Court may not refer to extrinsic evidence and must rely solely on the language of the documents at issue. HRE, Inc. v. United States, 142 F.3d 1274, 1276 (Fed. Cir. 1998). Therefore, discovery into the Tax Court Stipulation would not affect this Court's interpretation of the Stipulation or the Tax Court Decision. Next, the IRS's implementation of the Tax Court Stipulation is reflected in Plaintiffs' Certificates of Assessments and Payments for 2006 and 2007. Gov.'s Mot., Exs. 2, 5. Further discovery into that implementation will not alter the facts presented in these Certificates.

To resolve Plaintiffs' claim, the Court need only look at the parties' agreement and how Plaintiffs' tax transcript reflects the IRS's implementation of that agreement. All the undisputed material facts are already before the Court in the form of the Tax Court Stipulation, the Tax Court Decision, and Plaintiffs' tax account information. Therefore, no discovery is required to resolve this case, and summary judgment is appropriate. Anderson, 477 U.S. at 248. The Plaintiffs' Rule 56(d) request to conduct discovery is DENIED.

C. Plaintiffs are not Entitled to a Tax Refund for 2006 or 2007.

The Tax Court Decision states "there is no *deficiency* in income tax due from, nor *overpayment*, due to, petitioners for the taxable year 2006; and . . . there is a *deficiency* . . . for the taxable year 2007 in the amount of $319.00." Gov.'s Mot., Ex. 9 (emphasis added). Thus, the plain language of the Decision determined Plaintiffs' deficiency amounts for the years 2006 and 2007, and the overpayment amount for year 2006. However, at issue here is whether Plaintiffs *underpaid* their taxes in 2006 and 2007. The term "deficiency" is statutorily defined as the amount of income tax imposed on a taxpayer less the tax shown by the taxpayer on his return. 26 U.S.C. § 6211(a). "Thus the amount of a deficiency . . . turns not on what payments have been applied to the account, but rather on what assessments have been made with respect to that account." Longino v. C.I.R., 105 T.C.M. (CCH) 1491, at *70-71 (T.C. 2013). Further, "[p]ayments are not included in determining

. . . a deficiency, simply because they do not fit within the definition of a deficiency." Hillenbrand v. C.I.R., 84 T.C.M. (CCH) 643, at *5 (T.C. 2002). Plaintiffs mistakenly describe the Tax Court Decision as deciding the "Plaintiffs' tax liabilities". Pls.' Resp. at 10. However, the Tax Court Decision is silent regarding whether the Plaintiffs have paid their outstanding income tax liability.

Plaintiffs "do not dispute the numbers presented in the Government's motion". Id. at 4. Plaintiffs' tax transcripts (see charts above) plainly show that the agreed upon amounts in the Tax Court Stipulation were credited to Plaintiffs' account. In 2006, the Government refunded Plaintiffs $23,522 due to Plaintiffs' over-reporting of their income tax withholding. Plaintiffs owed $26,456.07 to the Government in taxes, penalties and interest due to that mistake. The Tax Court Stipulation reduced that amount by $24,628.28 according to the parties' agreement. Thus, $1,827.79 remained due to the Government in interest and penalties associated with their incorrect tax filing. Gov.'s Mot., Ex. 2. Importantly, the Tax Court Stipulation only required the Government to credit Plaintiffs' account $10,234 to affect a deficiency of $0. Gov.'s Mot., Ex. 10. The Government chose to also abate some interest and penalties. The Government did not have to abate any interest or penalties in order to be in compliance with the Tax Court Decision. One can similarly trace the IRS's actions in Plaintiffs' 2007 tax transcript. See Gov.'s Mot., Ex. 5. Plaintiffs owed the Government $17,482.95 as a result of their reporting error. According to Tax Court Stipulation, $7,262.78 was credited to their account leaving a debt of $10,089.17. The Government levied $21,428.95, collected the remaining tax liability and returned the extra amount levied to Plaintiffs. Id.

Plaintiffs simply cannot establish that they overpaid their 2006 and 2007 taxes. The terms of the Tax Court Stipulation are clear and the relevant tax transcripts show that the stipulation terms were carried out. Plaintiffs accrued interest and penalties associated with their reporting error that were unaffected by the Tax Court Stipulation. Therefore, Plaintiffs were liable for that debt and the IRS properly levied their brokerage account to collect it.

<u>Conclusion</u>

There is no genuine dispute as to any material fact in this case. The Court has the power to award plaintiffs a return of overpaid taxes when they are able to show that they, in fact, overpaid. The undisputed facts in this case demonstrate that Plaintiffs did not overpay their taxes. Therefore, the Government's motion for summary judgment is GRANTED. The Clerk is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge